UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 16-10658-RGS

ORGANIC MULCH AND LANDSCAPE
SUPPLY OF NEW ENGLAND, LLC

v.

PROBEC, INC. and SPIROFLOW SYSTEMS, INC.

MEMORANDUM AND ORDER ON DEFENDANT'S
MOTION FOR JUDGMENT ON THE PLEADINGS

July 21, 2017

STEARNS, D.J.

In this lawsuit, plaintiff Organic Mulch and Landscape Supply of New England, LLC (Organic Mulch), seeks damages from defendant PROBEC, Inc., the seller, and co-defendant Spiroflow Systems, Inc. (Spiroflow), the manufacturer, of allegedly defective industrial bagging equipment. Organic Mulch asserts claims against PROBEC for breach of contract and for violation of Mass. Gen. Laws ch. 93A, § 11, as well as the claim at issue against Spiroflow, for breach of the implied warranty of merchantability and fitness for particular purpose. Spiroflow now moves for judgment on the pleadings, *see* Fed. R. Civ. P. 12(c), arguing that Organic Mulch cannot show the contractual privity required by Massachusetts law to maintain the claim of breach of implied warranty.

Organic Mulch is a Hudson, Massachusetts corporation in the business of selling outdoor grounds-keeping equipment and supplies. In August of 2015, Organic Mulch began negotiations to purchase commercial ice-bagging equipment from PROBEC, a Pennsylvania corporation. The equipment included components from other suppliers and manufacturers, including Spiroflow. Spiroflow is in the business of manufacturing and selling equipment for industrial processes and is based in North Carolina.

Organic Mulch encountered difficulties with the bagging equipment soon after its delivery from PROBEC in February of 2016. On February 25, 2016, Organic Mulch requested that PROBEC refund the purchase price, remove the equipment, and compensate Organic Mulch for consequential losses. After PROBEC refused, Organic Mulch commenced this action.

A Rule 12(c) motion to dismiss is governed by the same standard as a Rule 12(b)(6) motion – to survive the motion, a complaint must contain sufficient factual matter to state a claim for relief that is actionable as a matter of law and "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In considering the motion, the court views the facts alleged in the pleadings in the light most favorable to the nonmovant and draws all reasonable

inferences in the nonmovant's favor.  *R.G. Fin. Corp. v. Vergara-Nuñez*, 446 F.3d 178, 182 (1st Cir. 2006).

Mass. Gen. Laws. ch. 106, § 2-318 was amended in 1971 to abolish the privity rule in breach of warranty cases.  In relevant part, the amended statute provides that:

> Lack of privity between plaintiff and defendant shall be no defense in any action brought against the manufacturer, seller, lessor or supplier of goods to recover damages for breach of warranty, express or implied, or for negligence, although the plaintiff did not purchase the goods from the defendant if the plaintiff was a person whom the manufacturer, seller, lessor or supplier might reasonably have expected to use, consume or be affected by the goods.

Organic Mulch contends that the statute is clear and unambiguous and should be enforced as such.  *See Cameo Curtains, Inc. v. Philip Carey Corp.*, 11 Mass. App. Ct. 423 (1981).  In the alternative, Organic Mulch asks this court to certify the question of whether contractual privity is required for a contractually based breach of warranty claim to the Massachusetts Supreme Judicial Court (SJC).

*Cameo Curtains*, the case on which Organic Mulch relies, was decided previous to a line of SJC cases that hold that § 2-318 draws a distinction between tort-based and contract-based breaches of warranty.  *See Jacobs v. Yamaha Motor Corp., U.S.A.*, 420 Mass. 323 (1995); *see also Bay State-Spray & Provincetown S.S., Inc. v. Caterpillar Tractor Co.*, 404 Mass. 103

(1989).  In *Bay State*, the SJC held that a breach of warranty action seeking only economic loss is controlled not by § 2-318, but by the four-year, contract-based statute of limitation period as set out in Mass. Gen. Laws. ch. 106, § 2-725.  404 Mass. at 110.  The Court discussed the differences between the two types of warranty claims more generally.  *See id.* at 104 ("Our discussion will require an analysis of the unique Massachusetts treatment of G.L. c. 106, § 2-318 . . . which the Legislature has used to eliminate requirements of privity and to express new principles of strict liability for personal injuries and property damage . . . .").  This opinion, however, left open the question whether the privity rule in contract-based breach of warranty actions had, at least in some respects, survived the § 2-318 legislative repeal. *See Hadar v. Concordia Yacht Builders, Inc.*, 886 F. Supp. 1082, 1097-1098 (S.D.N.Y. 1995) (interpreting and predicting Massachusetts law).

*Jacobs* subsequently answered this question in the affirmative.  In *Jacobs*, the Court held that while a "buyer of *consumer goods* has the right to maintain an action for breach of an implied warranty of merchantability against the manufacturer" without a showing of privity, "[c]ontract-based warranty claims involving *commercial transactions* may generally call for different treatment than tort-based warranty claims." 420 Mass. at 330, 331

(emphasis added). This holding was premised on the "special legislative treatment" given to buyers of consumer goods by §§ 2-316A and 2-318. *Id.* at 331. As the *Bay State* Court noted, a commercial user, unlike a consumer purchaser, can protect itself against economic losses by seeking express contractual assurances and remedies. 404 Mass. at 109-110. Relying on *Bay State* and *Jacobs*, courts have since uniformly held that a contract-based breach of warranty claim arising in a commercial context requires a showing of privity of contract. *See W.R. Constr. & Consulting Inc. v. Jeld-Wen, Inc.*, 2002 WL 31194870, at *7 (D. Mass. Sept 20, 2002); *Sebago, Inc. v. Beazer E., Inc.* 18 F. Supp. 2d 70, 99 (D. Mass. 1998); *see also First Choice Armor & Equip., Inc. v. Toyobo Am., Inc.*, 839 F. Supp. 2d 407, 412-413 (D. Mass. 2012) ("Because the plaintiff, a commercial retailer, and the defendant, a remote manufacturer, were not parties to a contract for the sale of goods, plaintiff's breach of warranty claims fail as a matter of law."); *Irish Venture, Inc. v. Fleetguard, Inc.*, 270 F. Supp. 2d 84, 87 (D. Mass. 2003) ("[P]rivity of contract is required in implied warranty claims regarding commercial transactions."). Because the answer is clear in the case law, the court sees no reason to certify the question to the SJC.

ORDER

For the foregoing reasons, Spiroflow's motion for judgment on the pleadings is <u>ALLOWED</u>.

SO ORDERED.

<u>/s/ Richard G. Stearns</u>
UNITED STATES DISTRICT JUDGE